### A. Michel and another v. The State.

Obstructing Public Roads.— In a trial for obstructing a public road, an order of the County Court establishing the road is not the only mode by which the prosecution can prove that the road is a public one. It suffices to prove that it has long been used as a public road, and that the County Court has recognized it as such by assigning hands to work it, or by an order declaring it to be a road of a certain class.

Appeal from the County Court of Comal. Tried below before the Hon. Ernest Koebig, County Judge.

By information filed in the County Court of Comal county the appellants, August and Frederick Michel, were charged with obstructing a public road known as the Mountain Selma road in said county. They were found guilty by a jury, who assessed their punishment at a fine of twelve dollars and a half against each of them.

*Guinn & Denman*, for the appellants.

*H. Chilton*, Assistant Attorney General, for the State.

Hurt, J. The appellants were convicted of obstructing a public road. The road had been used as a public road about twelve years. In 1876 this road was classified as a public road of the second class, by the commissioners of Comal county, and has been known for two or three years as the Mountain Selma road, and has been worked by the hands in the neighborhood as a public road. No order of the County Court establishing such road was shown in evidence.

Can a road be shown to be a public road only by the production of an order of the County Court establishing it as such? This precise question was presented in the case of *McWhorter* v. *State*, 43 Texas, 666, and in that case it was held that, as the road had long been used as a public road and had been recognized as such by order

of the court apportioning hands to work it, these facts were sufficient evidence to establish the fact that it was a public road, independent of an order of the court to that effect.

There are a number of bills of exception and assignments of error, none of which we deem of sufficient importance to require a further notice.   We find no error in the judgment, and it is therefore affirmed.

*Affirmed.*